UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
PRINCESS OAWLAWOLWAOL,

      Plaintiff,

 - against -

BOY SCOUTS OF AMERICA; GREATER
NEW YORK COUNCIL OF THE BOY
SCOUTS; SUFFOLK COUNTY COUNCIL,
BOY SCOUTS OF AMERICA; CATHOLIC
ARCHDIOCESE OF NEW YORK; RALPH
MASSA; DAVID MASSA; MICHAEL
MASSA; and EPHRAIM HERNANDEZ,

      Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-4714 (PKC) (JMW)

PAMELA K. CHEN, United States District Judge:

  Plaintiff Princess Oawlawolwaol, who resides in Kentucky, filed the above-captioned *pro se* action on August 19, 2021. Plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 is granted. Plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Order if she wishes to proceed with this action.

## BACKGROUND

  Plaintiff alleges that Defendants Ralph Massa, David Massa, and Michael Massa sexually abused her when she was a child in the early 1980s (Complaint ("Compl."), Dkt. 1, ¶¶ 2, 4, 10, 11), and that Defendant Ephraim Hernandez repeatedly forced her to engage in sexual acts, beginning in 1981 (*id.* ¶¶ 2, 5–9, 11, 14, 19). The abuse allegedly occurred in connection with meetings and events of the Boy Scouts of America, and Plaintiff names this organization and the Greater New York Council and Suffolk County Council of the Boy Scouts as additional defendants. (*Id.* ¶¶ 2–7, 20.) Plaintiff also names the Catholic Archdiocese of New York as a defendant, but she does not allege any acts or omissions by this defendant.

1

Plaintiff asserts that the events where she was abused were "supervised" by the Boy Scouts of America's "local council organization on Suffolk County," and also that some of the abuse occurred "upstate." (*Id.* Introduction, ¶¶ 3, 10.) "[A]round 2001-2002," Plaintiff was hospitalized at St. Catherine's of Sienna Hospital and treated for Post-Traumatic Stress Disorder. (*Id.* ¶ 15.) She told a psychiatrist that Hernandez had molested her. (*Id.*)

Plaintiff references New York's Child Victims Act of 2019[1] and asserts diversity of citizenship as the basis for the Court's jurisdiction. (*Id.* Introduction.) She seeks "adequate compensation to continue with private therapy, to obtain stable housing, and to allow [her] to train in a new vocation." (*Id.* ¶ 21.) Plaintiff has not provided service addresses for some of the defendants.

## LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] In August 2019, New York enacted the Child Victims Act, which "revived" time-barred civil lawsuits related to sexual offenses against children for a period of one year, by precluding defenses or affirmative defenses based on the previously applicable statute of limitations. *See* N.Y. C.P.L.R. § 214-g; *see also Caldwell v. City of New York*, No. 21-CV-6560 (LTS), 2021 WL 3887678, at *2 (S.D.N.Y. Aug. 27, 2021); *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (confirming that "the lapse of a limitations period is an affirmative defense that a defendant must plead and prove" (citation and brackets omitted)). The Act later was extended until August 14, 2021. *See In re Roman Cath. Diocese of Syracuse, New York*, 628 B.R. 571, 574 n.2 (Bankr. N.D.N.Y. 2021). Here, Plaintiff mailed her complaint on August 14, 2021, and it was received by the Court and filed on August 19, 2021. A complaint is deemed filed "for a *pro se* plaintiff" on "the date by when the Pro Se Office received the Complaint." *Fowler v. City of New York*, No. 19-CV-4703 (LGS), 2020 WL 1151297, at *2 (S.D.N.Y. Mar. 10, 2020). The Court does not decide at this stage whether Plaintiff's state-law claims alleging child sexual abuse in the 1980s are time-barred.

liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) ("[A] court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations."). Even so, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation and quotations omitted).

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. "'It is a fundamental precept that federal courts are

3

courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009) (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte." *Id.* (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)); *see also* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant(s) are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Section 1332 "establishes that diversity jurisdiction exists over civil actions between 'citizens of different States,' 'where the matter in controversy exceeds the sum or value of $75,000.'" *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 133 (2d Cir. 2020) (quoting 28 U.S.C. § 1332(a)). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 814 n.5 (2d Cir. 2014) (citation omitted).

## DISCUSSION

Plaintiff asserts claims against individuals and institutions she alleges are responsible for sexual abuse she suffered as a child in the 1980s. She implies that the alleged abuse happened in New York State, possibly in "Suffolk County" and "upstate."

Because Plaintiff has not identified the citizenship of each Defendant, however, she has not adequately alleged diversity jurisdiction. Further, Plaintiff fails to specify the amount of damages she seeks, and the Complaint does not show that an award of $75,000 is reasonably

probable.² In addition, because the Complaint also fails to specify where the alleged acts of abuse occurred and which individual or entity was responsible for each and how,³ it is unclear whether venue in this district is appropriate. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in [] (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

For these reasons, and in light of Plaintiff's *pro se* status, Plaintiff is directed to submit an amended complaint within thirty (30) days of this Order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. In the amended complaint, Plaintiff should: (1) provide service addresses for each Defendant; (2) identify where the alleged abuse occurred and clarify the connection between each individual Defendant and the Boy Scouts organizations she names; (3) describe the involvement of the Catholic Archdiocese of New York; and (4) explain why Plaintiff is entitled to damages and compensation of more than $75,000. Plaintiff is reminded that an amended complaint replaces all prior complaints.

---

² The Court also notes that Plaintiff does not allege facts linking all Defendants to her abuse. She names three different Boy Scouts organizations, but she does not identify where the abuse occurred or clarify how the Scouting organizations were involved. She does not allege that the Catholic Archdiocese of New York was responsible in any way.

³ For example, although Plaintiff has named as a defendant the Suffolk County Council of the Boy Scouts, she fails to explain how that organization was responsible for or involved in the alleged abuse.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff is directed to submit an amended complaint within thirty (30) days of the date of this Order. All further proceedings shall be stayed for 30 days or until further order of this Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 24, 2021
       Brooklyn, New York